Argued and submitted March 25, reversed and remanded April 27, 1981

In the Matter of the Compensation
of Mary L. Rosa, Claimant.

ROSA,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(WCB No. 80-1116, CA 19570)

626 P2d 1390

J. Michael Alexander, Salem, argued the cause for petitioner. With him on the brief was Brown, Burt, Swanson & Lathen, P.C., Salem.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

**WARDEN, J.**

Claimant appeals the determination by the Workers' Compensation Board (Board) that her back injury is not compensable. We reverse and remand.

Claimant, 38-years old at the time of the hearing, was working as a waitress on June 21, 1979. While carrying a five-gallon bucket of chili, she slipped and fell on a concrete floor and landed on her buttocks. She immediately reported the incident to her employer and sought medical care. The doctor found an acute back strain at the shoulder level. Claimant filed this claim in November, 1979.

The Board suggests, and SAIF contends, that claimant's condition is the result of either or both of two events following the fall with the chili. In August, 1979, claimant was assaulted by a man she had known for a year, who, according to a police report of the incident, had come up from California about three weeks earlier. The police officer observed a black and blue eye and bump on the head. Claimant entered a hospital the next day with facial bruises, complained of severe headaches and stated she had been beaten on the head the day before. The second incident occurred on December 27, 1979, *after* this claim had been filed. Claimant sought medical attention for what she said was a fall down some steps. Her doctor reported:

> "Pt. states she fell down some steps in the rib cage [sic], has black eye, another bruise about her chin. Mechanism of injury is somewhat suspicious. *There are no complaints about her low back.* Rib xray [sic] revealed no obvious fracture or pneumothorax." (Emphasis added.)

About a week later her doctor noted that the low back was unchanged.

We are persuaded that the assault intervening between the industrial injury and the filing of the claim did not affect the condition for which claimant is seeking compensation. Further, the medical evidence does not show that the fall down the steps in any way affected claimant's back.

The only remaining issue is claimant's credibility, which the Board questioned. At the hearing, claimant at first testified that she had known her assailant for about

two weeks, contrary to the police report. We note that the assailant had reportedly come up from California only a short time before the incident. Not only is the supposed discrepancy completely collateral to the issue of the compensability of claimant's back condition, but the referee, who saw and heard claimant testify, found her explanations convincing.

We conclude that claimant's claim is compensable.

Reversed and remanded.